```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION | : |
| v. | : Civil Action No. DKC 2008-0789 |
| COCOON TRADE INC., et al. | : |

**ORDER OF DEFAULT JUDGMENT WITH PERMANENT INJUNCTIVE RELIEF, RESTITUTION, CIVIL MONETARY PENALTY AND OTHER ANCILLARY EQUITABLE RELIEF AGAINST DEFENDANT COCOON TRADE INC.**

For the reasons stated in the foregoing Memorandum Opinion, it is this 6th day of May, 2009, by the United States District Court for the District of Maryland, ORDERED that Plaintiff's motion for default judgment (Paper 28) BE, and the same hereby IS, GRANTED, and it is further ORDERED that:

1. Cocoon, in or in connection with any order to make, or the making of, any contract of sale of any commodity:

A. in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, or

B. for any person for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market,

is permanently restrained, enjoined and prohibited from directly or indirectly: cheating or defrauding or attempting to cheat or defraud the other person; and/or willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of subparagraph (B) above, with the other person in violation of Section 4b(a) of the Act, as amended by The Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, § 13102, 122 Stat. 1651 (to be codified at 7 U.S.C. § 6b(a));

2. Cocoon is permanently restrained, enjoined and prohibited from directly or indirectly:

A. while acting as a CPO and CTA, using the mails or other means or instrumentalities of interstate commerce, to employ a device, scheme or artifice to defraud any clients or participants, or prospective clients or participants or engage in a transaction, practice or course of business which operates as a fraud or deceit upon any clients or participants or prospective clients or participants, in violation of Section 4o(1) of the Act, 7 U.S.C. §§ 6o (2006).

B. using the mails or instrumentalities of interstate commerce in or in connection with its business as a CPO and CTA while failing to register with the Commission as a CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2006).

C. while acting as a CPO, (1) failing to operate the pool as a separate legal entity from the CPO, and (2) accepting pool participant funds not in the name of the pool, in violation of Regulations 4.20(a)(1), (b) and (c), 17 C.F.R. §§ 4.20 (a)(1), (b) and (c) (2008).

D. while acting as a CPO, failing to furnish Disclosure Documents to pool participants and/or accepting or receiving funds from a prospective pool participant prior to receiving a signed and dated acknowledgment from the prospective pool participant that stating that the prospective pool participant received a Disclosure Document for the pool, in violation of Regulations 4.21(a)(1) and (b), 17 C.F.R. §§ 4.21(a)(1) and (b) (2008).

E. while acting as a CPO, failing to furnish monthly account statements to pool participants, in violation of Regulation 4.22, 17 C.F.R. § 4.22 (2008).

F. while acting as a CTA, failing to furnish clients holding individual managed trading accounts with Disclosure Documents and failing to receive signed and dated acknowledgments from the clients stating that they received the required Disclosure Document, in violation of Regulations 4.31(a) and (b), 17 C.F.R. §§ 4.31(a) and (b) (2008).

3. Cocoon is permanently restrained, enjoined and prohibited from engaging directly or indirectly in any activity related to trading in any commodity, as that term is defined in Section 1a(4)

of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

> A. trading subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);
>
> B. engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;
>
> C. soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;
>
> D. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008);
>
> E. entering into any commodity interest transactions for its own personal accounts, for any account in which it has a direct or indirect interest and/or having any commodity interests traded on its behalf; and/or

F. engaging in any business activities related to commodity interest trading.

4. The injunctive provisions of this Order shall be binding on Cocoon, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Cocoon, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Cocoon.

AND IT IS FURTHER ORDERED that:

1. Cocoon shall pay, jointly and severally with Kenneth L. Branch, restitution in the amount of $632,787, plus post-judgment interest ("Restitution Obligation").

2. Post-judgment interest on the Restitution Obligation shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3. Appointment of Monitor: To effect payment by Cocoon and the distribution of restitution, the Court appoints the National Futures Association ("NFA") as Monitor. The Monitor shall collect restitution payments from Branch and make distributions as set forth below.  Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, he shall not be liable for any action or inaction arising from his appointment as Monitor, other than actions involving fraud.

4. Cocoon shall make its required restitution payments under this Order in the name of "Branch Settlement Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under a cover letter that identifies Cocoon and the name and docket number of the proceeding. Cocoon shall simultaneously transmit copies of the cover letter and the form of payment to (a) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, at the same address.

5. The Monitor shall oversee Cocoon's Restitution Obligation, and shall have the discretion to determine the manner of distribution of funds in an equitable fashion to participants or may defer distribution until such time as it may deem appropriate. In the event that the amount of restitution payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of the making a restitution distribution to participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments as set forth below.

6. Cocoon shall execute any documents necessary to release funds that it has in any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward the Restitution Obligation.

7. To the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in paragraph 5 of this Section.

8. Pursuant to Fed. R. Civ. P. 71, pool participants are explicitly made intended third-party beneficiaries of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution which has not been paid by Cocoon.

AND IT IS FURTHER ORDERED that:

1. Cocoon shall pay a civil monetary penalty in the amount of $455,000, plus post judgment interest (the "CMP Obligation").

2. Post-judgment interest on the CMP Obligation shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3. Cocoon shall pay its CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, Cocoon shall make the payment payable to

the Commodity Futures Trading Commission and send to the following address:

Commodity Futures Trading Commission
Division of Enforcement
Attention: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 South MacArthur Boulevard
Oklahoma City, OK 73169
Telephone: 405-954-6569

4. If the payment is to be made by electronic funds transfer, Cocoon shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Cocoon shall accompany the payment of the penalty with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Cocoon shall simultaneously transmit copies of the cover letter and the form of payment to (a) Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, at the same address.

5. Any acceptance by the Commission of partial payment of Cocoon's CMP Obligation shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

AND IT IS FURTHER ORDERED that:

1. All Payments by Cocoon pursuant to this Order shall first be applied to satisfaction of the Restitution Obligation, consistent with the authority granted the Monitor above. After satisfaction of the Restitution Obligation, payments by Cocoon pursuant to this Order shall be applied to satisfy Cocoon's CMP Obligation.

2. Any acceptance by the Commission of partial payment from Cocoon of its Restitution Obligation and/or CMP Obligation shall not be deemed a waiver of Cocoon's obligations to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment from Cocoon of any remaining balance.

AND IT IS FURTHER ORDERED THAT:

1. Prohibition on Transfer of Funds: Cocoon shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff or any officer that may be appointed by the Court.

2. Partial Lifting of Freeze: Notwithstanding any order entered in this proceeding freezing Cocoon's assets and/or prohibiting Cocoon's transfer of funds or other property, such assets, funds, or property may be used to satisfy Cocoon's Restitution Obligation and CMP Obligation as set forth above.

3. Lifting of Freeze: Upon full satisfaction by Cocoon of its Restitution Obligation and CMP Obligation as set forth above, any

order entered in this proceeding freezing Cocoon's assets and/or prohibiting Cocoon's transfer of funds or other property shall be lifted.

    4. Notices: All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission: Kevin S. Webb  
Commodity Futures Trading Commission  
1155 21st Street, NW  
Washington, DC 20581

All such notices to the Commission shall reference the name and docket number of this proceeding.

    5. Invalidation: If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

    6. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

                                                            /s/  
                                      DEBORAH K. CHASANOW  
                                      United States District Judge