IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | * | |
| Plaintiff, | * | Civil Action No.: DKC 2008-0789 |
| vs. | | |
| | * | |
| COCOON TRADE INC., et al. | | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \*

### ~~[PROPOSED]~~ CONSENT ORDER OF PERMANENT INJUNCTION, RESTITUTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT KENNETH L. BRANCH

On March 28, 2008, the Commodity Futures Trading Commission ("Commission" or "Plaintiff") filed a Complaint charging defendants Cocoon Trade Inc. ("Cocoon") and Kenneth L. Branch ("Branch") (collectively, "Defendants") with violating Sections 4b(a)(2)(i) and (iii), 4k(2) and (3), 4m(1) and 4o(1) of the Commodity Exchange Act ("Act"), as amended, 7 U.S.C. §§ 6b(a)(2)(i) and (iii), 6k(2) and (3), 6m(1) and 6o(1) (2006), and Commission Regulations ("Regulations") 4.20(a)(1), (b) and (c), 4.21, 4.22 and 4.31, 17 C.F.R. §§ 4.20(a)(1), (b) and (c), 4.21, 4.22 and 4.31 (2008).

On April 2, 2008, Defendants were properly served with the Complaint pursuant to Rules 4(e)(1) and 4(h)(1)(A) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

On April 4, 2008, the Court entered a Statutory Restraining Order against Defendants that, among other things, authorized the freezing of assets held in the name of or under the control or management of Defendants. On April 4, 2008, the Court entered a Consent Order of

Preliminary Injunction and Other Equitable Relief enjoining Defendants from, among other things, further violations of the Act and Regulations, as charged in the Complaint.

On May 21, 2008, Branch filed an Answer to the Complaint. Cocoon failed to appear or answer the Complaint within the time permitted by Fed. R. Civ. P. 12(a)(1). Accordingly, on July 18, 2008, the Clerk of this Court entered a default against Cocoon.

## I.    CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the complaint against Branch, without a trial on the merits or further judicial proceedings, Branch:

1.      Consents to the entry of this Consent Order of Permanent Injunction, Restitution, Civil Monetary Penalty and Other Equitable Relief Against Defendant Kenneth L. Branch ("Order").

2.      Admits that this Court has jurisdiction over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

3.      Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2006), in that certain of the acts and practices alleged in the Complaint for Injunctive and Other Equitable Relief and for Civil Penalties Under the Commodity Exchange Act, as Amended, 7 U.S.C. §§ 1-*et seq*. occurred in this District.

4.      Waives: (a) the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; (b) any and all claims that he may possess under the

2

Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148

of the Regulations, 17 C.F.R. §§148.1 *et seq*. (2008), relating to, or arising from, this action; (c)

any and all claims that he may possess under the Small Business Regulatory Enforcement Act,

1996 HR 3136, Pub. L. 104-121, §§ 231-232, 110 Stat. 862 (1996), as amended by Pub. L. No.

110-28, 121 Stat. 112 (2007), relating to or arising from this proceeding; (d) any claim of Double

Jeopardy based upon the institution of this action or the entry in this action of any order

imposing a civil monetary penalty or any other relief; and (e) all rights of appeal from this action.

      5.      Neither admits nor denies the allegations contained in the Complaint.

      6.      Shall provide immediate notice of any bankruptcy filed by, on behalf of, or

against him in the manner required by Part III.E.4 of this Order.

      7.      Agrees that neither he nor any of his agents, servants, employees, contractors nor

attorneys shall take any action or make any public statement denying, directly or indirectly, any

allegation in the Complaint or creating, or tending to create, the impression that the Complaint or

this Order is without a factual basis; provided, however, that nothing in this provision shall affect

his (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which

the Commission is not a party.  Branch shall take all necessary steps to ensure that all of his

agents, servants, employees, contractors and attorneys understand and comply with this

agreement.

      8.      Agrees that he has read this Order and agrees to this Order voluntarily and that no

promise or threat has been made by the Commission or any member, officer, agent or

representative thereof, or by any other person, to induce consent to this Order, other than as set

forth specifically herein.

      9.      Consents to the continued jurisdiction of this Court in order to implement and

carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the Order.

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay. The Court therefore directs the entry of a permanent injunction, restitution, civil monetary penalty, and other equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), as set forth herein.

### III.   ORDER FOR RELIEF

A.   **PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED** that:

1.   Branch, in or in connection with any order to make, or the making of, any contract of sale of any commodity:

> A.   in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, or
>
> B.   for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market,

is permanently restrained, enjoined and prohibited from directly or indirectly: cheating or defrauding or attempting to cheat or defraud the other person; and/or willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of subparagraph (B) above, with the other person in violation of Section 4b(a) of the Act, as amended by The Food,

4

Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC

Reauthorization Act of 2008), § 13102, 122 Stat. 1651 (to be codified at 7 U.S.C. § 6b(a));

2.      Branch is permanently restrained, enjoined and prohibited from directly or

indirectly:

A.      while acting as an associated person of a CPO and CTA, using the mails
or other means or instrumentalities of interstate commerce, to employ a
device, scheme or artifice to defraud any clients or participants, or
prospective clients or participants or engage in a transaction, practice or
course of business which operates as a fraud or deceit upon any clients or
participants or prospective clients or participants, in violation of Section
4o(1) of the Act, 7 U.S.C. § 6o (2006).

B.      soliciting prospective participants on behalf of a CPO and CTA to
participate in a pool or supervising any person or person so engaged while
failing to register as an AP of a CPO and CTA, in violation of Sections
4k(2) and (3) of the Act, 7 U.S.C. §§ 6k(2) and (3) (2006).

3.      Branch is permanently restrained, enjoined and prohibited from engaging directly

or indirectly in any activity related to trading in any commodity, as that term is defined in

Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to

the following:

A.      trading ~~on or~~ subject to the rules of any registered entity, as that term is
defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

B.      engaging in, controlling or directing the trading for any commodity
interest account for or on behalf of any other person or entity, whether by
power of attorney or otherwise;

C.      soliciting, receiving, or accepting any funds from any person in connection
with the purchase or sale of any commodity interest contract;

D.      applying for registration or claiming exemption from registration with the
Commission in any capacity, and engaging in any activity requiring such
registration or exemption from registration with the Commission, except
as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or
acting as a principal, agent or any other officer or employee of any person
registered, exempted from registration or required to be registered with the
Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R.
§ 4.14(a)(9) (2008);

E.     entering into any commodity interest transactions for his own personal accounts, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and/or

F.     engaging in any business activities related to commodity interest trading.

4.     The injunctive provisions of this Order shall be binding on Branch, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Branch, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Branch.

## B.     RESTITUTION

**IT IS FURTHER ORDERED** that:

1.     Branch shall pay restitution in the amount of $632,787, plus post-judgment interest ("Restitution Obligation").

2.     In the event the Court enters an order of restitution against Cocoon, the Restitution Obligation shall be reduced dollar for dollar by any payment by Cocoon in satisfaction of its restitution obligation.

3.     Post-judgment interest on the Restitution Obligation shall accrue commencing on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

4.     Appointment of Monitor: To effect payment by Branch and the distribution of restitution, the Court appoints the National Futures Association ("NFA") as Monitor. The Monitor shall collect restitution payments from Branch and make distributions as set forth below. Because the Monitor is not being specially compensated for these services, and these services are

6

outside the normal duties of the Monitor, he shall not be liable for any action or inaction arising from his appointment as Monitor, other than actions involving fraud.

5.      Branch shall make his required restitution payments under this Order in the name of "Branch Settlement Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under a cover letter that identifies Branch and the name and docket number of the proceeding. Branch shall simultaneously transmit copies of the cover letter and the form of payment to (a) Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, at the same address.

6.      The Monitor shall oversee Branch's Restitution Obligation, and shall have the discretion to determine the manner of distribution of funds in an equitable fashion to participants or may defer distribution until such time as it may deem appropriate. In the event that the amount of restitution payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative costs of the making a restitution distribution to participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments as set forth in Section III.C, below.

7.      Branch shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward the Restitution Obligation.

7

8.     To the extent that any funds accrue to the U.S. Treasury as a result of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in paragraph 5 of this Section.

9.     Pursuant to Fed. R. Civ. P. 71, pool participants are explicitly made intended third-party beneficiaries of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution which has not been paid by Branch.

C.     **CIVIL MONETARY PENALTY**

**IT IS FURTHER ORDERED** that:

1.     Branch shall pay a civil monetary penalty in the amount of $455,000, plus post judgment interest (the "CMP Obligation").

2.     Post-judgment interest on the CMP Obligation shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3.     Branch shall pay his CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made by other than electronic funds transfer, Branch shall make the payment payable to the Commodity Futures Trading Commission and send to the following address:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attention:  Marie Bateman – AMZ-300
> DOT/FAA/MMAC
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169
> Telephone: 405-954-6569

4.     If the payment is to be made by electronic funds transfer, Branch shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall

8

fully comply with those instructions. Branch shall accompany the payment of the penalty with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Branch shall simultaneously transmit copies of the cover letter and the form of payment to (a) Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and (b) the Chief, Office of Cooperative Enforcement, at the same address.

5.    Any acceptance by the Commission of partial payment of Branch's CMP Obligation shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

**D.    PRIORITY OF MONETARY PENALTY AND PARTIAL PAYMENTS**

1.    All payments by Branch pursuant to this Order shall first be applied to satisfaction of the Restitution Obligation, consistent with the authority granted the Monitor above. After satisfaction of the Restitution Obligation, payments by Branch pursuant to this Order shall be applied to satisfy Branch's CMP Obligation.

2.    Any acceptance by the Commission of partial payment from Branch of his Restitution Obligation and/or CMP Obligation shall not be deemed a waiver of Branch's obligations to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment from Branch of any remaining balance.

**E.    MISCELLANEOUS PROVISIONS**

**IT IS FURTHER ORDERED THAT:**

1.    <u>Prohibition on Transfer of Funds</u>: Branch shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the

purpose of concealing such funds or property from the Court, the Plaintiff or any officer that may be appointed by the Court.

    2.    <u>Partial Lifting of Freeze</u>: Notwithstanding any order entered in this proceeding freezing Branch's assets and/or prohibiting Branch's transfer of funds or other property, such assets, funds, or property may be used to satisfy Branch's Restitution Obligation and CMP Obligation as set forth above.

    3.    <u>Lifting of Freeze</u>: Upon full satisfaction by Branch of his Restitution Obligation and CMP Obligation as set forth above, any order entered in this proceeding freezing Branch's assets and/or prohibiting Branch's transfer of funds or other property shall be lifted.

    4.    <u>Notices</u>:    All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:    Kevin S. Webb
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581

All such notices to the Commission shall reference the name and docket number of this proceeding.

    5.    <u>Invalidation</u>:    If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order, and the application of the provision to any other person or circumstance, shall not be affected by the holding.

    6.    <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

    **SO ORDERED**, at _Greenbelt_, Maryland on this _6th_ day of _May_, 2009.

_Deborah Chasanow_
United States District Judge

10

Consented to and approved for entry by:

Defendant, *pro se*:

Kenneth L. Branch
2013 Stone Bridge Blvd
New Castle, DE 10720
Telephone: (302) 544-4025


Attorneys for Plaintiff:

Kevin S. Webb, MD Bar. No. 23884
Gretchen L. Lowe, DC Bar No. 421995
Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
Email: kwebb@cftc.gov
Email: glowe@cftc.gov
Telephone: (202) 418-5000
Facsimile: (202) 418-5523

11